Nicholas Martino, Petitioner *v.* Workmen's Compensation Appeal Board (Signal Delivery Service), Respondents.

Argued December 10, 1984, before Judges ROGERS and COLINS and Senior Judge KALISH, sitting as a panel of three.

*Thomas M. Nocella,* for petitioner.

*Susan McLaughlin,* with her, *David L. Pennington, L. Oliver Frey, Harvey, Pennington, Herting & Renneisen, Ltd.,* for respondent, Signal Delivery, Service.

Opinion by Judge Colins, January 22, 1985:

Nicholas Martino (claimant) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision awarding him workmen's compensation benefits pursuant to the Pennsylvania Workmen's Compensation Act (Act).[1]

Claimant was employed by Signal Delivery Service, Inc. (employer) as a platform loader and unloader. On September 23, 1977, claimant experienced chest pains and general weakness while loading a truck. He went home and was later taken to Northeastern Hospital. At the hospital, he was given an electrocardiogram which indicated that he had suffered an acute myocardial infarction. Claimant is a moderate smoker, obese, and has a history of high blood pressure. Also, he had a pre-existing heart condition.

As a result of the heart attack, claimant was unable to return to work for employer. He was, however, able to resume work, the first week of December, 1979, as a Steward for the Posusky Club of Philadelphia.

The referee granted claimant total disability benefits of $199.00 per week from September 24, 1977, to November 30, 1979, and partial disability benefits of $120.00 from December 1, 1979, until such time as his condition may change or cease as provided by the Act. In addition, the referee awarded claimant medical expenses, counsel fees and interest at the rate of 10% per annum on all deferred payments of compensation. Employer appealed to the Board, which, on July 22, 1982, reversed the referee's award of benefits because it found that claimant's expert witness, Dr. Abdol-

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1-1601.1.

lahian, gave equivocal testimony as to the causel connection between the accident and the heart attack. Claimant now brings this appeal.

Claimant argues that the testimony of Dr. Abdollahian was sufficient as a matter of law to establish the necessary causal connection between the injury and the work activities.

We have previously stated that, in a heart attack case, where no obvious causal connection between work and injury exists, it must be established by unequivocal medical testimony. *Workmen's Compensation Appeal Board v. Bowen*, 26 Pa. Commonwealth Ct. 593, 364 A.2d 1387 (1976).

Dr. Abdollahian, on direct examination, testified as follows:

Q. Now, given this hypothetical situation. You have a man who has the condition of . . . [claimant], high blood pressure, the pre-existing high blood pressure situation; if this man were—if such an individual were engaged in heavy labor and in the course of heavy labor experienced chest pains which caused him to cease work, and if within a short time after this incident, an electrocardiogram were [sic] taken and the results of his electrocardiogram were similar to the results of . . . [claimant's] electrocardiogram, which was taken September 23rd, 1977. Could you say to a medical certainty that the stress and exertion of doing heavy labor, now heavy labor being categorized as lifting boxes weighing in excess of a hundred pounds and pushing a dolly up an incline plane with weight on the dolly in excess of eight or nine hundred pounds. Could this exertion precipitate the myocardial infarction?

A. *It could.*

Q. Could you say to a medical certainty that it would be the causation of—

A. *I can't say the causation because*—lifting, a thousand people lifting a lot of things every day and they don't get a heart attack. He did have existing conditions which precipitated the situation. In other words he has a heart disease, high blood pressure, obesity, everything; and this aggravated it; but, *I can't say that it was a reason for it.*

Q. It is not the underlying reason, but you can't say—

A. Contributed.

... Q. ... Now, given the pre-existing condition, would the physical exertion precipitate such a myocardial infarction?

... THE WITNESS: *It could.*

... Q. Now, could you state to a medical certainty, given the facts that I gave you, that it did?

A. *It could do it.* (Emphasis added.)

"Certainly it is not the law . . . that every utterance which escapes the lips of a medical witness on a medical subject, must be certain, positive, and without reservation, exception, or peradventure of a doubt." *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board,* 77 Pa. Commonwealth Ct. 202, 206, 465 A.2d 132, 134-35 (1983). In addition, it is not absolutely essential that the medical expert use magic words such as "it is my professional opinion." *Id.* at 206, 465 A.2d at 134. However, "[i]t is not sufficient for the medical witness to testify that the claimant's condition might have been or probably was the result of the claimant's work." *Philadelphia College of Osteopathic Medicine,* 77 Pa. Commonwealth Ct. at 206, 465 A.2d at 134.

After a thorough review of the record, we conclude that Dr. Abdollahian's testimony, does not contain the requisite level of certainty to be described as unequivocal.

Accordingly, we affirm the order of the Board. ·

ORDER

AND Now, January 22, 1985, the decision of the Workmen's Compensation Appeal Board, A-81288, dated July 22, 1982, is affirmed.