532 A.2d 1287

William F. Hildebrand, Petitioner *v.* Workmen's Compensation Appeal Board (Fire Department/ City of Reading), Respondents.

Fire Department/City of Reading, Petitioner *v.* Workmen's Compensation Appeal Board (Hildebrand), Respondents.

Submitted on briefs September 14, 1987, to Judges MacPhail and Palladino, and Senior Judge Narick, sitting as a panel of three.

*Thomas F. McDevitt, Thomas F. McDevitt, P.C.,* for petitioner/respondent, William F. Hildebrand.

*John J. McAuliffe, Jr.,* for respondent/petitioner, Fire Department, City of Reading.

OPINION BY JUDGE MACPHAIL, November 6, 1987:

William F. Hildebrand (Claimant) and the City of Reading Fire Department (Employer) have petitioned for our review of an order of the Workmen's Compensation Appeal Board (Board) which amended a referee's order and, *inter alia,* granted Claimant full disability benefits and permitted Employer to take a credit against compensation payable for monthly non-service connected disability pension payments it makes to Claimant. The cases were consolidated for argument. For the reasons which follow, we grant Claimant's appeal and remand for additional findings on the credit issue, and we deny Employer's appeal.

Claimant was employed as a fireman with the City of Reading from September 26, 1970 to August 24, 1979. On July 1, 1980, Claimant filed a claim petition pursuant to Section 108(o) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(o). In his claim petition, Claimant alleged, *inter alia,* that on August 24, 1979, his exposure to "heat, smoke, fumes and gases in times of emergency under extremes of the weather,"[1] occasioned by his employment as a firefighter, resulted in his injury, heart disease, which rendered him totally disabled as of August 25, 1979.

It is undisputed that Employer failed to file an answer to the claim petition within fifteen days as required by Section 416 of the Act, 77 P.S. §821.

---

[1] Reproduced Record (R.R.) at 3a.

The referee, after conducting seven hearings which spanned over approximately five years, concluded that the allegations in Claimant's claim petition must be deemed admitted by virtue of Employer's failure to timely file an answer. The referee, however, also found that Claimant had failed to prove by "evidence apart and distinct from the allegations in the claim petition . . . that he contracted occupational disease, specifically disease of the heart, resulting in either temporary or permanent total or partial disability . . . arising directly out of the employment for Defendant as a fireman. . . ."[2] The referee then concluded that although he could not determine Claimant's proper compensation rate from August 25, 1979 and thereafter because Claimant had not provided evidence of his average weekly wage as of August 24, 1979, Claimant was "entitled to at least $75.67 per week, the minimum compensation rate for total disability due to occupational disease contracted in 1979. . . ."[3] The referee also concluded that Employer was entitled to a credit for the non-service connected disability pension payments it pays to Claimant.

Both parties appealed the referee's decision. The Board, without taking additional evidence, amended the referee's decision and, *inter alia,* granted Claimant full disability benefits and affirmed that part of the referee's decision permitting Employer to take a credit.

Claimant's sole argument here is that Employer is not entitled to a credit for the monthly non-service connected disability pension benefits it pays to Claimant. Employer argues that Claimant failed to raise the credit issue before the Board and therefore waived that issue, and that the Board erred in awarding full disability ben-

---

[2] R.R. at 825a-826a.
[3] R.R. at 826a.

efits based on the allegations in the claim petition since the referee found that Claimant had failed to prove by evidence apart from the claim petition that he contracted heart disease as a result of his employment as a firefighter. Employer contends that Claimant should be denied any award of benefits based on the referee's findings.

We shall address Employer's waiver argument first. Employer contends that Claimant neither raised the issue of a credit before the Board nor did the Board discuss that issue in its opinion and therefore that issue has been waived.

34 Pa. Code §111.14 governs appeals before the Board and it provides in part that "[a]ppeals should state the specific exceptions to determinations by the referee and shall be sufficiently complete to frame the issue or issues on appeal."

In the present case, Claimant's appeal to the Board alleged, *inter alia,* that the referee's conclusion of law number 9 was erroneous. That conclusion of law dealt with Employer's entitlement to a credit.[4] Even though

---

[4] Referee's conclusion of Law Number 9 stated as follows:

Any payment of compensation prior or subsequent to an agreement or notice of compensation payable or greater in amount than provided therein shall, to the extent of the amount of such payment or payments, discharge the liability of the employer with respect to such case, and where an employee has received the payments for the disability for medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under the Act, in the event of an award for that injury the employer or the insurance company who made the payment shall be subrogated out of the agreement or award to the amount so paid if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee, and it appears Claimant was paid his regular wage by Defendant employer from

Claimant did not mention the credit issue in the statement which followed the list of challenged conclusions of law, we believe the fact that conclusion of law number 9 was specifically challenged on appeal to the Board is adequate to consider the credit issue to have been raised before the Board.[5] Accordingly, we conclude that Claimant is not barred from raising the credit issue before this Court.

We shall now turn to Claimant's argument that Employer should not have been granted a credit against compensation payable for the non-service connected disability pension benefits paid Claimant by Employer.

We have stated that an employer is not entitled to credit for payments which "come out of, and therefore reduce, an accrued entitlement which the employee has built up by his performance of services for the employer," such as payments out of earned sick leave or vacation pay. *Hartwell v. Workmen's Compensation Appeal Board (McLean Trucking Co.)*, 96 Pa. Commonwealth Ct. 313, 316-17, 507 A.2d 902, 904 (1986). In *Temple v. Pennsylvania Department of Highways*, 445 Pa. 539, 285 A.2d 137 (1971), our Supreme Court said that "sick leave like vacation pay is an incident or benefit provided under the work agreement and is an entitlement like wages for services performed," and therefore credit to

August 25, 1979 through March 31, 1979, and was paid benefits for disability on the basis that the disability was not compensable under the Workmen's Compensation Act at the rate of $360.95 from April 1, 1980 and continuing thereafter to the present, *wherefore Defendant employer is entitled to a credit of all such payments* on an individual weekly basis from July 25, 1979 to the present against Claimant's entitlement to compensation, in accordance with §319 and §406.1 of the Act. (Emphasis added.)

[5] The fact that the Board failed to address the credit issue is not dispositive as to whether that issue was raised.

an employer for those payments is not allowed. *Id*. at 542, 285 A.2d at 139.

An employer is entitled, however, to credit against its workmen's compensation obligations for payments made to an employee in relief of inability to work such as matters covered by medical insurance provided at the employer's expense or sickness and accident benefits paid to relieve the employee's inability to work. *Hartwell*. In *Peoples Natural Gas Co. v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 119, 441 A.2d 1364 (1982), we said that "[t]he critical distinction made by the Supreme Court in *Temple* was that sick leave, in contrast to sickness or accident benefits, is something that an employee is entitled to regardless of whether or not he has suffered a compensable injury." *Id*. at 123, 441 A.2d at 1367.

It is clear then that if Claimant's disability pension is an accrued entitlement which has been built up as a result of his services for Employer, or if he would be entitled to the pension regardless of whether he had suffered a compensable injury, Employer is not entitled to a credit for those payments. If, however, the pension payments are made in relief of Claimant's inability to labor, then Employer is entitled to a credit for those payments.

Our review of the voluminous record in this case reveals only that Employer was in fact paying Claimant monthly non-service connected disability pension payments, that those payments were in the amount of $360.95 and the payments began on April 1, 1980.[6]

In *Marshall v. Workmen's Compensation Appeal Board (Gulf & Western Industrial Products Co.)*, 79 Pa. Commonwealth Ct. 128, 468 A.2d 1164 (1983), *appeal denied*, 505 Pa. 504, 481 A.2d 609 (1984), where

---

[6] *See* R.R. at 160a, 173a-174a, 202a.

we dealt with a similar credit issue, we determined that a remand was necessary because the record did not contain findings regarding the terms and conditions of the claimant's disability pension and we were therefore unable to apply the proper legal tests to determine whether the employer was entitled to a credit for those pension payments. We believe that the record before us is similarly lacking in evidence essential to a proper determination of the credit issue presented here. Accordingly, we vacate that part of the Board's order which granted Employer a credit and we remand for further findings regarding the terms and conditions of Claimant's disability pension.

We now turn to Employer's appeal wherein it argues that the Board erred in awarding Claimant full disability benefits based solely on the allegations in the claim petition since the referee found that Claimant had failed to prove by evidence apart from the allegations in the claim petition that he contracted heart disease as a result of his employment as a firefighter.

Section 416 of the Act, 77 P.S. §821 specifies a fifteen-day period within which an answer to a claim petition may be filed and states "[e]very fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party *shall* be deemed to be admitted by him." (Emphasis added.) There is no dispute here that Employer failed to file a timely answer to Claimant's claim petition. In *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 1, 423 A.2d 1125 (1981), a case factually similar to that considered here, we determined that since the employer had failed to file a timely answer to a claim petition, it was necessary that the referee follow the procedure set forth in Section 416 of the Law which is to decide the matter based on the claim petition in circumstances where the allegations set forth in the claim petition, if true, would entitle the claimant

to compensation. *See also* 2 A. Barbieri, *Pennsylvania Workmen's Compensation* §6.18(4) (1975).

We, accordingly, conclude that the Board acted properly in the instant case in making an award based solely on the allegations in the claim petition since, as aptly stated by the Board, there was no burden on Claimant to "prove anything by evidence apart and distinct from the allegations of the Claim Petition."[7] R.R. at 835a. Accordingly, we deny Employer's appeal.

For the foregoing reasons, we will vacate the Board's order in No. 3545 C.D. 1986 and remand the case to the Board for a determination as to the terms and conditions of Claimant's disability pension and whether payment of that pension by Employer entitles it to a credit. We will affirm the Board's order in No. 3548 C.D. 1986.

### ORDER IN 3545 C.D. 1986

William F. Hildebrand's appeal in the above-captioned matter is granted. The order of the Workmen's Compensation Appeal Board is vacated insofar as it grants the City of Reading Fire Department a credit and this case is remanded to the Board for further proceedings consistent with this opinion.

Jurisdiction relinquished.

### ORDER IN 3548 C.D. 1986

City of Reading Fire Department's appeal in the above-captioned matter is denied.

---

[7] We find it unnecessary to review the legal sufficiency of the allegations in the claim petition since Employer has not argued that those allegations fail to establish claimant's entitlement to benefits but only that an award of benefits cannot be based on a claim petition alone. Further, we find no error in the Board's accepting evidence of Claimant's wage rate provided by Employer since *Yellow Freight* only bars the Employer from presenting evidence which can establish affirmative defenses.