647 A.2d 683

Jay GREELEY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (MATSON
LUMBER COMPANY and Lumber Mutual Insurance
Company), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 8, 1994.

Decided Aug. 30, 1994.

Petition for Allowance of Appeal Granted March 6, 1995.

210

Stephen W. French, for petitioner.

Jerome P. Grossi, for respondents.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Jay Greeley (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's denial of Claimant's petition for compensation.

In a claim petition filed January 6, 1989, Claimant alleges that he is disabled as the result of a work-related injury which occurred on July 13, 1987, during the course of his employment with Matson Lumber Company (Employer).[1] The record indicates that Claimant returned to work on July 14, 1987 and continued working until he was laid off on August 13, 1987. Claimant applied for unemployment compensation benefits, but his initial application was denied on the grounds that his physician would not release him for work.[2]

A copy of the workmen's compensation claim petition was sent to Employer, accompanied by a notice dated January 26, 1989. The notice informed Employer that it had fifteen days in which to file an answer.[3] By correspondence to Claimant

---

1. The petition was amended to reflect July 13, 1987 as the date of injury and to allege an open period of disability rather than a closed period.

2. Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d), requires an employee to be able to work and be available for suitable work in order to secure compensation.

3. The fifteen day limit is set forth at Section 416 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 821, as follows:

   Within fifteen days after a copy of any claim petition has been served upon an adverse party, he may file with the department or its referee an answer in the form prescribed by the department.

   Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him.... If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the

dated February 7, 1989, Employer's counsel requested an extension of time in which to file its answer. A copy of the request was sent to the referee. Claimant, who was unrepresented at the time, did not respond to the request. Employer filed an answer on February 21, 1989. Claimant obtained counsel who, by letter dated April 10, 1989, lodged an objection with the referee as to the late answer.

Both parties presented evidence during the course of hearings before the referee. The referee rejected Claimant's testimony as not credible. The referee accepted as credible the testimony of Employer's medical witness, but rejected his opinion regarding Claimant's alleged injury because it was based on history provided by Claimant. The referee rejected the opinion of Claimant's medical witness for the same reason. Based on Employer's evidence and testimony, the referee found that jobs were available to Claimant that were within his limitations.

In finding of fact # 2, the referee noted that Claimant had raised the issue of late answer. The referee found that Employer's answer was postmarked February 18, 1989 and not received by the referee until February 21, 1989. Despite this finding, the referee accepted Employer's evidence and relied upon Employer's affirmative defenses in making her decision. On July 30, 1991, the referee issued a decision dismissing Claimant's petition.

Claimant appealed to the Board, arguing that Employer's failure to file a timely answer precluded Employer from raising an affirmative defense. The Board agreed and remanded the case to the referee with instructions to review the record and make a decision on the matter without considering any of the affirmative defenses presented by Employer.

On remand, the referee again addressed the issue of late notice. The referee found that Employer requested, within the fifteen day period allowed, an extension of time in which to file an answer. The referee further found, however, that a

referee hearing the petition shall decide the matter on the basis of the petition and evidence presented.

copy of the request was not received by the referee until February 21, 1989. Therefore, the referee found that Employer failed to file a timely answer and was barred from presenting an affirmative defense.

In the decision after remand, the referee states that she specifically excluded from review any evidence presented by Employer as an affirmative defense. However, the referee again rejected Claimant's testimony as not credible and rejected the testimony of Claimant's medical witness. The referee concluded that Claimant failed to submit competent and credible evidence necessary to support an award of compensation and dismissed Claimant's claim petition.

Claimant again appealed to the Board, which affirmed the referee's decision. The Board concluded that the record contained substantial evidence to support the referee's findings, stating that it was the province of the referee to determine which facts to accept and to determine the credibility of witnesses.

On appeal to this Court, Claimant argues that our decisions in *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board*, 56 Pa.Commonwealth Ct. 1, 423 A.2d 1125 (1981) and *Hildebrand v. Workmen's Compensation Appeal Board (Fire Department/City of Reading)*, 111 Pa.Commonwealth Ct. 24, 532 A.2d 1287 (1987) mandate an award of benefits based solely on the allegations in Claimant's petition, which are deemed admitted due to Employer's late answer.

■ In *Yellow Freight*, the court held that Section 416 of the Act bars an employer from introducing evidence in support of its belated defense to a claim petition. In that case the referee found that the employer's failure to file a timely answer constituted an admission of the allegations in the petition. The court reasoned that:

[The referee's] decision was tantamount to a ruling that the employer had not shown an adequate excuse for not meeting the filing deadline fixed by Section 416, and therefore lost its right to file an answer *at all*. In short, the case was in a posture as if the employer had filed *no answer*.

[Accordingly], it became incumbent upon the referee to follow the procedure set by Section 416 where no answer has been filed: *to decide the matter on the basis of the petition and evidence presented.* The phrase "and evidence presented" must be construed to mean evidence presented by the *petitioner.*

*Id.* 56 Pa.Cmwlth. at 6–7, 423 A.2d at 1127 (footnotes omitted). The holding in *Yellow Freight* makes clear that an employer who fails to file a timely answer to a claim petition is precluded from presenting any evidence in rebuttal or as an affirmative defense; the referee may only consider the allegations set forth in the claim petition and additional evidence presented by the claimant.

In *Hildebrand,* the allegations in the claim petition were deemed admitted upon the employer's failure to file a timely answer. The referee found that the claimant had failed to present other evidence in support of his claim and awarded the claimant compensation based solely on the allegations in the claim petition. The court agreed with the Board that Section 416 of the Act imposes no duty on a claimant to "prove anything by evidence apart and distinct from the allegations in the Claim Petition." *Id.* 111 Pa.Cmwlth. at 32, 532 A.2d at 1290 (quoting the Board's decision). The *Hildebrand* court declined to rule on the legal sufficiency of the claimant's allegations as that issue was not raised, but the court unequivocally held that no additional evidence is necessary to meet a claimant's burden of proof.

■ Upon an employer's failure to file a timely answer to a claim petition, the referee is required to follow the procedure set forth in Section 416. That procedure, according to *Hildebrand,* is "to decide the matter based on the claim petition in circumstances where the allegations set forth in the claim petition, if true, would entitle the claimant to compensation." *Id.* at 31–32, 532 A.2d at 1290.

■ Where, as here, the burdened party is the only party to present evidence and does not prevail before the agency, our scope of review is whether the agency erred as a matter of

law or capriciously disregarded competent evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

Here, the referee's decision after remand specifically states that she confined her review of the record as required by *Yellow Freight*. However, the referee's finding that Claimant's additional evidence was not credible places Claimant squarely within the holding of *Hildebrand*, i.e., Claimant's only competent evidence is the claim petition and the admitted allegations therein.

The claim petition alleges that Claimant suffers a disability in the nature of a strain/sprain of his thoracic spine as the result of Claimant's twisting while running a double edge trimmer at Employer's place of business on July 13, 1987; the petition also alleges that Claimant gave Employer timely notice of his work-related injury.

Employer does not challenge the legal sufficiency of these allegations. Rather, Employer maintains that the present case is distinguishable from *Hildebrand* because here the referee determined that Claimant's additional evidence lacked credibility. Employer argues that the referee's decision is supported by substantial evidence because it is based on determinations of credibility which cannot be disturbed on appeal.

The Board's decision correctly recites a fundamental tenet of workmen's compensation law: unless the Board takes additional evidence, the referee is the final arbiter of credibility and the weight to be accorded evidence. *Volkswagen of America v. Workmen's Compensation Appeal Board (Russell)*, 143 Pa.Commonwealth Ct. 69, 598 A.2d 602 (1991). But the Board incorrectly relied on this statement of the referee's authority in affirming the referee's decision. The referee's credibility determinations do not constitute evidence which can be weighed against the admitted allegations in the claim petition. As previously stated, Claimant, like the claimant in *Hildebrand*, failed to produce *any* evidence separate and

apart from those admitted allegations. We hold that the allegations in Claimant's claim petition are legally sufficient to meet Claimant's burden of proof.

In so deciding, we do not imply that an employer's failure to file a timely answer operates to automatically satisfy a claimant's burden of proof in a claim petition.[4] Nor do we imply that the referee's authority and discretion to determine credibility and weight of evidence are terminated merely because the employer is barred from presenting evidence. Under these circumstances, the referee remains duty bound to make these determinations with regard to all of the evidence which a claimant chooses to present in order to sustain his burden of proof. Accordingly, where a claimant presents additional evidence which serves to rebut the allegations in the claim petition and which is accepted by the referee, the referee must determine the weight to be accorded to all of the evidence she has accepted.[5]

We conclude that, in this case, after properly exercising her discretion and rejecting Claimant's additional evidence, the referee capriciously disregarded the admitted allegations in Claimant's petition. Having determined the admitted allegations to be competent evidence which satisfies Claimant's burden of proof, we reverse the Board's decision and remand the case to the Board with instructions to remand to the referee for findings necessary to determine the amount of Claimant's award.

## ORDER

AND NOW, this 30th day of August, 1994, the order of the Workmen's Compensation Appeal Board at No. A93–0086 dated March 1, 1994 is reversed and the matter is remanded

4. In every claim proceeding, the claimant bears the burden of proving all elements necessary to support an award of compensation. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993).

5. We have examined the record carefully and find no evidence that rebuts the admitted allegations in Claimant's petition.

to permit the referee to make the necessary findings to determine the amount of Claimant's award.

Jurisdiction relinquished.