**RITE AID CORPORATION, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BENNETT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 12, 1997.
Decided March 20, 1998.
Reargument and Reconsideration
Denied May 11, 1998.

Charles F. McElwee, Harrisburg, for petitioner.

Joseph J. Schafle, Jr., Philadelphia, for respondent.

Before COLINS, President Judge, and FRIEDMAN, J., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

Rite Aid Corporation (Employer) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming the workers' compensation judge's (WCJ) decision to award Ronnie Bennett (Claimant) workers' compensation benefits. We affirm.

This case arises from Claimant's Claim Petition, in which Claimant averred that on February 27, 1995, he was working as the assistant store manager for Employer, and, while locking up the store for the evening, he tripped over a bag of salt, sustaining a fracture to his left foot. (R.R. at 1a.) Claimant also averred that, as a result of the left foot fracture, he has increased weight bearing on his right side, causing aggravation of his pre-existing Charcot–Marie–Tooth disease of the right foot. (R.R. at 1a.) Claimant also stated that he was disabled "from 2/28/95 to ongoing." (R.R. at 2a.) Employer filed an untimely Answer, dated September 28, 1995, denying the allegations in Claimant's Claim Petition. (R.R. at 3a.)

On October 19, 1995, a hearing was held before the WCJ at which Claimant and his wife testified. Claimant testified consistent with his allegations in his Claim Petition. Claimant also stated that on May 1, 1995, his treating physician, E. Pan, M.D., released Claimant to return to work because he had recovered from his left foot fracture. (WCJ's Findings of Fact, No. 12.) However, Claimant testified that Employer offered him only one job, an assistant store manager position, and that he is not able to perform

that job because of the pain in his right foot. (R.R. at 31a.) Claimant's wife testified that after Claimant began wearing a cast on his left foot, she observed that Claimant began putting more pressure on his right foot.

Prior to the conclusion of the hearing, the WCJ stated that he would leave the record open for thirty days so that Employer could provide a memorandum explaining why it filed a late Answer to Claimant's Claim Petition. After closing the record, the WCJ issued its decision, finding that Employer did not offer an adequate excuse for the untimely Answer. (WCJ's Findings of Fact, Nos. 3, 4.) Consequently, the WCJ treated all averments in Claimant's Claim Petition as admitted. (WCJ's Conclusions of Law, No. 4.) The WCJ concluded that Claimant sustained a compensable work-related injury, in the nature of a fracture to the left foot and an exacerbation of the pre-existing Charcot–Marie–Tooth disease of the right foot, and that Claimant remained disabled as a result of this exacerbation. (WCJ's Conclusions of Law, Nos. 1, 2.) Accordingly, the WCJ granted Claimant's Claim Petition and ordered Employer to pay disability benefits into the indefinite future.[1] Employer appealed to the WCAB which issued an order affirming the WCJ's decision.

Employer now appeals to this court.[2] Although Employer admits that its Answer to Claimant's Claim Petition was untimely, (Employer's brief at 4), Employer, nevertheless, argues that the WCJ erred both in precluding Employer from presenting a defense to Claimant's Claim Petition and in relieving Claimant of his dual burdens, to prove a causal connection between his work-related left foot injury and his right foot problem and to prove ongoing disability.

1. The WCJ also found that Employer did not issue a Notice of Compensation Payable or a Notice of Compensation Denial, but that Claimant did receive bi-weekly payments from Employer until May 1, 1995. (WCJ's Findings of Fact, No. 19.) However, the WCJ stated that the record is uncertain as to whether the payments were workers' compensation benefits, wage continuation or a form of disability payments. (WCJ's Findings of Fact, No. 19.) The WCJ did award Employer a credit for these payments.

2. Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights have been violated and whether necessary findings of fact are supported by substantial competent evidence. *Heraeus Electro Nite Co. v. Workmen's Compensation Appeal Bd. (Ulrich),* 697 A.2d 603 (Pa.Cmwlth. 1997).

■ Where an employer files a late answer without adequate excuse, every factual allegation asserted in the claimant's claim petition is admitted as true, and the employer is barred from presenting any affirmative defenses or challenges to any of the factual allegations in the claim petition. *Heraeus Electro Nite Co. v. Workmen's Compensation Appeal Bd. (Ulrich)*, 697 A.2d 603 (Pa. Cmwlth.1997); *Yellow Freight System v. Workmen's Compensation Appeal Bd.*, 56 Pa.Cmwlth. 1, 423 A.2d 1125 (1981). Additionally, the claimant does not have to corroborate admitted allegations in a claim petition. *Heraeus.* Here, Employer's Answer was untimely; therefore, Employer has admitted all factual allegations in Claimant's Claim Petition as true,[3] and Employer was properly precluded from presenting a defense to those factual allegations contained in Claimant's Claim Petition.

■ We recognize that "in a claim [petition] proceeding, the employee bears the burden of establishing a right to compensation and of proving all necessary elements to support an award," *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 141, 634 A.2d 592, 595 (1993), and that an employer's failure to file a timely answer does not automatically satisfy the claimant's burden of proof. *Heraeus; Greeley v. Workmen's Compensation Appeal Bd. (Matson Lumber Co.)*, 167 Pa.Cmwlth. 209, 647 A.2d 683 (1994), *appeal granted*, 540 Pa. 607, 655 A.2d 994 (1995) (appeal discontinued July 19, 1995). Here, Employer argues that the allegations in Claimant's Claim Petition and Claimant's own testimony were not sufficient to sustain Claimant's burden of proof.

■ First, Employer argues that Claimant has failed to satisfy his burden on the issue of causation because there is no obvious causal connection between Claimant's work-related left foot injury and his right foot problem. Specifically, Employer cites *Martino v. Workmen's Compensation Appeal Board (Signal Delivery Service)*, 87 Pa.Cmwlth. 154, 486 A.2d 1038 (1985) for the proposition that where there is no obvious causal connection between the injury and the alleged cause, the claimant must produce unequivocal medical testimony to establish that relationship. However, Employer's reliance on *Martino* is misplaced under the circumstances here, where Claimant has alleged the necessary causal connection in his Claim Petition, and Employer has admitted those allegations as true. Contrary to Employer's assertion, Claimant is not required to prove the underlying validity of any admitted allegations; these allegations stand on their own as competent evidence. *Heraeus; Greeley.*

■ Next, Employer argues that the WCJ erred in relieving Claimant of his burden to prove ongoing disability. Again, Claimant's disability, which he alleged in his Claim Petition as being "from 2/28/95 to ongoing," was admitted by Employer. Consequently, the allegations set forth in Claimant's Claim Petition are legally sufficient to establish Claimant's entitlement to benefits.

Employer, however, argues that, pursuant to *Heraeus*, it should have been allowed to present evidence to contest and limit the duration of Claimant's disability. However, based on the record here, Employer cannot rely on *Heraeus*.

In *Heraeus*, we stated that an "[e]mployer's failure to file a timely answer only admitted facts … *up to the last day the answer could have been timely filed.*" *Heraeus*, 697 A.2d at 609 (emphasis added). Consequently, we stated, an employer who files a late answer is still entitled to an opportunity to prove events, such as changes in disability, that may have occurred *after the last day when the late answer should have been filed. Heraeus; see also Ghee v. Workmen's Compensation Appeal Bd. (University of Pennsylvania)*, 705 A.2d 487 (Pa.Cmwlth.1997). Furthermore, we pointed out that, in the case of an untimely answer to a claim petition in

---

**3.** We reject Employer's argument that the WCJ *sua sponte* deemed Claimant's allegations to be admitted because Claimant's counsel requested that the allegations of the Claim Petition be "omitted" rather than admitted. Given the context of this discussion, particularly Employer's counsel's statement, "[a]s far as the allegations of the Petition being deemed admitted …," and the numerous typographical errors throughout the transcript, clearly Claimant's counsel did request that the allegations be deemed admitted. (R.R. at 62a–63a.)

which a claimant alleges in his or her claim petition that the disability extends to the present or is ongoing, this allegation "will provide the claimant with a *rebuttable presumption* which will sustain [the claimant's] burden of proof of a continuing disability from the last date the answer should have been filed throughout the pendency of the litigated matter...." *Heraeus*, 697 A.2d at 609 n. 10 (emphasis added). Thus, employers who file a late answer to a claim petition are permitted to offer evidence to rebut this presumption.

■ Here, however, Employer did not argue to the WCJ that Employer should be allowed to present evidence regarding a *change in Claimant's disability after the last day that a timely answer could have been filed* as provided for in *Heraeus*. Instead, Employer chose only to argue: that Claimant had the burden to prove causation and ongoing disability; that Employer should "be allowed a defense *to the Petition*," (R.R. at 65a, emphasis added); and that precluding Employer from offering a defense will have "the effect of imposing liability on [Employer] for a condition that Claimant's treating physician cannot even relate to the work injury." [4] (R.R. at 86a–95a.) Employer always asserted that Claimant had the burden to establish ongoing work-related disability; Employer never sought *to rebut the presumption* that Claimant remained disabled by presenting evidence to *limit the duration of Claimant's disability*. Therefore, Employer's failure to raise this argument before the WCJ results in a waiver, and Employer cannot now raise this argument before this court. *General Electric Co. v. Workmen's Compensation Appeal Bd. (Valsamaki)*, 140 Pa.Cmwlth. 461, 593 A.2d 921, *appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991).

4. We note that Employer is relying on a report from Dr. Pan which was submitted after the hearing during the time in which the record was left open. However, because the record was left open for Employer to submit a position letter as to why its Answer was late, not for the submission of medical evidence, this report is not in the record. Moreover, even if we could consider Dr. Pan's report, the statements in the report upon which Employer relies are irrelevant. In the report, Dr. Pan denies any relationship between

Based on the foregoing reasons, the order of the WCAB is affirmed.

### ORDER

AND NOW, this 20th day of March, 1998, the order of the Workers' Compensation Appeal Board, dated June 18, 1997, at A95–4579, is hereby affirmed.

the right foot discomfort and the work-related left foot injury; these statements relate to causation. As stated, Employer, by filing an untimely answer, has admitted that the work injury aggravated Claimant's Charcot–Marie–Tooth disease of his right foot. *See State Workmen's Ins. Fund v. Workmen's Compensation Appeal Bd. (Wagner)*, 677 A.2d 892 (Pa.Cmwlth.1996) (stating an expert's opinion based upon assumptions contrary to the established facts is worthless).