631 A.2d 804

Mary GENS, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (REHA-
BILITATION HOSPITAL OF MECHANICSBURG/AET-
NA LIFE AND CASUALTY), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 30, 1993.

Decided Sept. 7, 1993.

Reargument Denied Oct. 28, 1993.

James L. Cowden, for petitioner.

Daniel K. Deardorff, for respondent.

Before McGINLEY and PELLEGRINI, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Mary Gens appeals an order of the Workmen's Compensation Appeal Board (Board) reversing the referee's award of medical expenses and imposition of penalties on her employer under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

Gens was injured in an automobile accident on July 10, 1984. She sustained work injuries on June 7, 1985 and November 26, 1985 while employed as a registered nurse by Rehabilitation Hospital (Hospital). Gens filed a claim petition for workmen's compensation benefits under the Act. The referee found Gens' work injuries aggravated her pre-existing back condition originating from the automobile accident and therefore granted benefits. The referee's decision was affirmed by the Board and by this Court.

Following this Court's unreported decision affirming the Board,[1] Gens filed petitions seeking payment of her medical bills incurred since June 7, 1985. The original referee's decision was silent as to medical expense payments and the Hospital had refused Gens' request to make such payments. The Hospital and its insurance carrier, Aetna Life and Casualty Insurance Company, filed petitions alleging that certain treatment Gens was about to undergo was not causally related to the work injuries of 1985. A hearing was held on the consolidated petitions. The referee found in favor of Gens, awarding her payment of medical expenses and imposing a ten percent penalty against the Hospital due to its attempt, as the referee wrote, to appeal a matter which "had already been decided by previous litigation."[2] The Board reversed, concluding that there was a lack of substantial evidence to support the referee's finding that Gens' medical bills were

1. *Rehabilitation Hospital v. Workmen's Compensation Appeal Board (Gens)* (No. 921 C.D.1989, filed January 3, 1990).

2. Decision of the Referee, June 16, 1992.

related to her work injuries sustained in 1985. Gens now appeals to this Court.[3]

There is no dispute that Gens has incurred medical bills for the treatment of her back condition.[4] The issue before us is whether Gens, having already proven a causal connection between her work injuries and her disability, was subsequently required to prove a causal connection between her work injuries and her medical bills. Gens argues that the first referee's decision is *res judicata* as to the Hospital's liability for medical expenses. The Board rejected this argument, stating that proof of disability and a right to compensation for that disability does not equate to proof that medical bills are work-related.[5]

The Board stated in its decision that some authority places the burden to prove the work-relatedness of medical bills on the claimant, *Tobias v. Workmen's Compensation Appeal Board (Nature's Way Nursery, Inc.)*, 141 Pa.Commonwealth Ct. 438, 595 A.2d 781, *petition for allowance of appeal denied,* 529 Pa. 628, 600 A.2d 543 (1991), while other authority places the burden to disprove work-relatedness on the defendant, *Lehigh Valley Refrigeration Services v. Workmen's Compensation Appeal Board (Nichol)*, 120 Pa.Commonwealth Ct. 434, 548 A.2d 1321 (1988). The Board decided that the most logical approach is to place the burden on the claimant at all times to

3. Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were unsupported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

4. Erie Insurance Company was Gens' no-fault insurance carrier at the time of her automobile accident on July 10, 1984. Erie paid Gens' medical expenses from the time of the accident until the time of this Court's decision on the claim petition in early 1990.

5. Gens filed a petition requesting oral argument following this Court's order notifying her that the case would be decided on briefs. Because we believe the issues in this appeal have been adequately briefed by both parties, we will deny the petition for oral argument. Gens also filed a petition for permission to file a supplemental brief to bring to our attention the recent Supreme Court decision in *Gumro v. Workmen's Compensation Appeal Board (Emerald Mines Corp.)*, 533 Pa. 461, 626 A.2d 94 (1993). We grant this petition.

prove a causal connection between her medical bills and her work injury, whether or not the claimant has already established a causal connection to her disability.

We disagree with the Board's analysis in the context of this case.

In *Lehigh Valley,* the employer paid the claimant disability benefits pursuant to a notice of compensation payable, but did not pay for his medical bills. The claimant filed a petition for payment of those medical bills. In upholding the referee's decision allocating the burden of proof to the employer, we wrote:

> While it is true that the petitioning party normally has the burden of proof, the matter to be proved here and the sole averment in the Claimant's petition is the obligation to pay medical bills for an admittedly compensable continuing disability.

*Id.* at 436, 548 A.2d at 1322.

In the case before us, it has already been established that Gens has a work-related disability. While the Hospital may not wish to admit to compensability, compensability has already been established through prior adjudication.

In *Tobias,* the claimant had received compensation and medical expenses in connection with a work-related spinal injury. The claimant filed a petition seeking, in effect, a pre-authorization for medical expenses for treatment of a sexual dysfunction. We held that because the claimant was attempting to establish that the *new, seemingly unrelated symptom* had developed from the compensated spinal injury, and there was *no obvious connection* between the two, the claimant bore the burden of proving that the particular symptom was caused by his work-related spinal cord injury. *Tobias,* 141 Pa.Commonwealth Ct. at 445, 595 A.2d at 784.

In the case before us now, Gens is not attempting to establish that a new symptom or a particular disability with no obvious connection to her original disability has arisen. The treatment at issue involves Gens' back condition, which has already been adjudicated to have been compensable, not a

non-obvious symptom or disability arising from the back condition. The hospital argues that the causal connection between the medical expenses for the back condition and the work injuries is non-obvious and suggests that the expenses are instead related to the original automobile accident or other non-employment aggravating factors. This argument is essentially a relitigation of the claim petition proceedings.[6] It also somewhat misapplies our holding in *Tobias* and other cases dealing with non-obvious causal connections between medical expenses and compensable injuries; it is obvious that in this case the medical expenses are for the back condition and the back condition is the compensable injury.[7]

The *Tobias* decision held that Workmen's Compensation Law requires an employer to pay all medical expenses unless and until they are found to be unnecessary or unreasonable. *Id.* at 441, 595 A.2d at 782. Such a determination is usually made as a result of the employer filing a petition under Section 306(f)(2)(ii) of the Act, 77 P.S. § 531(2)(ii), testing the reasonableness of the claimant's medical procedure or the costs already incurred for medical treatment. *Id.* The *Tobias* opinion cited *Lehigh Valley* for the proposition that the burden of proof is on the employer to prove that medical expenses are not necessary or that they are unreasonable. *Id.* at 447, 595 A.2d at 785.

The Board's analysis in this case leads to the inequitable result of requiring Gens, who has already proven that her back condition is causally related to her work injuries, to

---

**6.** This argument is more appropriate to proceedings on a termination petition, wherein it would be the Hospital's burden to prove that Gens no longer had a disability causally connected to a work injury.

**7.** Our analysis of *Tobias* is similarly applicable to *Hilton Hotel Corp. v. Workmen's Compensation Appeal Board (Totin),* 102 Pa.Commonwealth Ct. 528, 518 A.2d 1316 (1986), cited by the Hospital. In that case, we required the claimant to establish through unequivocal medical testimony that his psychological disorder resulted from his compensable lumbosacral strain. The Hospital also cites *DeJesus v. Workmen's Compensation Appeal Board (Friends Hospital),* 154 Pa.Commonwealth Ct. 165, 623 A.2d 397 (1993) and *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.),* 141 Pa.Commonwealth Ct. 253, 595 A.2d 697 (1991). However, these cases also dealt with non-obvious causal connections between medical expenses and compensable injuries.

subsequently prove that the medical expenses for treatment of that back condition are causally related to her work injuries. In order to eliminate this inequity and follow our holdings in both *Lehigh Valley* and *Tobias,* we hold that in this case it was the Hospital's burden to prove that any medical bills associated with the back condition were unreasonable or unnecessary. Therefore, the Board erred in this case in placing the burden on Gens to prove a causal connection between the work injury to her back and the medical expenses for treatment of her back condition.

The Hospital presented no evidence that the medical expenses were unreasonable or unnecessary, despite its burden to do so. Accordingly, the referee's decision must stand and the order of the Board reversing that decision is reversed.

### ORDER

AND NOW, this 7th day of September, 1993, petitioner's petition for oral argument is denied and the order of the Workmen's Compensation Appeal Board, No. A92–1704, dated March 5, 1993, is hereby reversed.