**Abraham FOTTA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (U.S. STEEL/USX CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 8, 1998.
Decided June 18, 1998.

(appellant alleged that DOT failed to maintain median and place adequate warning signs to warn of eroded surface).

Peter M. Suwak, Washington, for petitioner.

James A. Mazzotta, Pittsburgh, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

PELLEGRINI, Judge.

Abraham Fotta (Claimant) appeals an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) denying him reimbursement for certain medical expenses and insurance premiums he incurred.

On July 23, 1984, Claimant, while working as a supply motorman for U.S. Steel/USX Corporation (Employer), fell and injured his right ankle and foot. He filed a claim petition that was dismissed by the WCJ who found that his disability was not due to his work-related injury but due to a pre-existing tumor.[1] On appeal, the Board affirmed the WCJ's decision as did this Court by order dated July 29, 1988. Claimant appealed to our Supreme Court which reversed our decision because it determined there was unequivocal medical testimony that his disability was at least partially due to his fall at work.[2] Finding that Claimant was entitled to benefits, the Court remanded the case to the WCJ.

On remand, after the WCJ issued an order granting Claimant's claim petition and ordering the payment of a weekly benefit from July 25, 1984 into the future, as well as litigation costs and attorney's fees, an additional hearing was held regarding the reasonableness, necessity and causal relation of Claimant's medical expenses. Claimant offered extensive documentation into evidence listing his medical expenses and testified as to why some of those expenses had been incurred. He also stated that although his Employer had continued to provide health insurance coverage for him for one year after his accident, after that time, he was responsible for payment of his own health insurance coverage and incurred costs of $7,130.45 for premium payments made to Blue Cross/Blue Shield, including coverage for his wife.

The WCJ issued a decision finding most of Claimant's expenses were reasonable and necessary as a result of his work injury and required Employer to pay those medical expenses,[3] but ordered some expenses not to be

---

1. On appeal to the Board, Claimant was permitted to resubmit his claim petition to the WCJ with new medical evidence. Upon resubmission, the WCJ again denied benefits based on his determination that Claimant's disability was not caused, aggravated or accelerated by his accident at work.

2. *See Fotta v. WCAB (U.S. Steel/USX Corp.)*, 534 Pa. 191, 626 A.2d 1144 (1993).

3. Specifically, the WCJ stated that the expenses incurred in his Findings of Fact Nos. 6 and 7 were to be paid by Employer. Those findings provide the following:

   6. The following bills are noted through review of Claimant's Exhibit 1:

   | | | |
   |---|---|---|
   | a. | Uniontown Hospital | $8,177.50 |
   | b. | Laurel Medical Imaging Asso. | 281.50 |
   | c. | Physio Associates | 733.25 |
   | d. | SRT Radiologists, P.C. | 57.00 |
   | e. | Mt. Pleasant Orthopedics | 49.00 |
   | f. | Presbyterian University Hospital | 683.00 |

7. The Claimant, as part of Claimant's Exhibit 1, has also itemized various miscellaneous expenses which are payable as set forth below:

   | | | |
   |---|---|---|
   | a. | Mon Valley Family | $ 45.00 |
   | b. | Dr. Mitchell | 47.00 |
   | c. | Central Drug Store | 79.95 |
   | d. | Dr. Mark Goodman | 290.00 |
   | e. | Todd Medical | 175.00 |
   | f. | Glasroch Home Health Care | 176.00 |
   | g. | Giant Eagle Pharmacy | 19.30 |

The bills that were disallowed were from Medical Home Care Service, UHA Morgantown, Bankers' Life and Casualty, and Delligatti Shoes, totaling $194.10.

reimbursed because there was no evidence showing why they were incurred. The WCJ also refused to allow reimbursement to Claimant for the insurance premium payments he made to Blue Cross/Blue Shield because there was nothing in the Workers' Compensation Act (Act)[4] allowing for such a reimbursement. Claimant appealed to the Board which affirmed the WCJ's decision. This appeal followed.[5]

Claimant first contends that once he proved the injury to his ankle was work-related and compensable, the burden shifted to Employer to establish that his medical expenses were neither reasonable nor necessary and Employer failed to do so. We addressed this precise issue in *Gens v. Workmen's Compensation Appeal Board (Rehabilitation Hospital of Mechanicsburg/AETNA Life and Casualty)*, 158 Pa.Cmwlth. 313, 631 A.2d 804 (1993), *petition for allowance of appeal denied*, 538 Pa. 618, 645 A.2d 1321 (1994), a case with a similar fact pattern.

In *Gens*, claimant sustained an injury at work and filed a claim petition. The referee[6] found that claimant's injury was compensable but never made any findings regarding the compensability of the medical bills. The employer appealed the compensability of those bills to the Board and to this Court, and, as did the Board, we affirmed the Referee. Following our decision, claimant filed a petition seeking payment of her medical bills because the referee's decision was silent on that issue and employer had refused to pay them. Employer filed petitions alleging that certain expenses were not causally related to claimant's work injury. A hearing was held on that matter and the referee awarded claimant payment of her medical expenses. On appeal, the Board reversed, concluding that claimant failed to provide substantial evidence to support the referee's finding that the medical bills were related to the work injury.

Claimant appealed to this Court contending that because the referee had found the medical bills were causally related to the work injury, the burden shifted to the employer to prove they were not reasonable or necessary. Acknowledging that the case law did not consistently place the burden of proving the work-relatedness of the medical bills on either claimant or the employer, we held that once a claimant's injury had been determined to be work-related, all claimant had to do to meet her burden for payment of medical bills incurred for treatment of that injury was to introduce them into evidence. The burden then shifted to the employer to prove that her medical bills were neither reasonable nor necessary. Because the employer offered no evidence that the medical bills were not connected to her work injury, we held that by the mere introduction of those bills into evidence, the claimant had sustained her burden of proof.

In this case, because initially the WCJ determined that Claimant's injury was not causally connected to his work, there was no finding made as to the reasonableness or necessity of his medical bills. When the Supreme Court determined that Claimant had a compensable injury, a hearing was required to determine whether Claimant's medical bills were reasonable and necessary. Under *Gens*, all Claimant had to do to meet his burden was introduce the medical bills into evidence and then the burden shifted to Employer to prove they were not reasonable and necessary. After reviewing the record, we find no evidence that Employer met its burden.

At the hearing on December 22, 1993, Employer objected to the reasonableness of the medical bills submitted and deposed Claimant on January 4, 1995, regarding some of those bills. Regarding the bills from Medical Home Care Service and UHA Morgan-

---

**4.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

**5.** Our scope of review is limited to determining whether there has been a constitutional violation, errors of law committed, or whether the necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v.*

*Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

**6.** Prior to the August 31, 1993 amendment to the Act, 77 P.S. § 701, WCJs were referred to as Referees. The title was changed pursuant to that amendment. *See* Act 44, Act of July 2, 1993, P.L. 199.

town, Claimant testified that those bills were incurred for rental of a TENS unit for his therapy as a result of his work-related foot injury and Employer never offered any explanation as to why they were unreasonable and unnecessary. Regarding the bills from Bankers' Life and Casualty and Delligatti Shoes, Employer never questioned Claimant as to why those bills were incurred and did not provide any explanation itself why they should not be paid. Because it was Employer's burden to prove that these medical bills were neither reasonable nor necessary, and it did not provide any evidence to support that contention, the Board's order affirming the WCJ's determination that some of Claimant's medical bills were not compensable because they were not reasonable and necessary is reversed.[7]

■ Claimant also contends that the Board erred in denying his request for reimbursement for the premium payments he made to his insurance carrier because he would not have been able to receive treatment if he had not incurred those costs. Claimant refers us to Section 306(e) of the Act, 77 P.S. § 531(1), which, at the time he was injured, provided the following in relevant part:

> The employer shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed.[8]

He argues that although this language does not explicitly require an employer to reimburse an injured employee for insurance premiums paid by that injured employee, it has been interpreted to allow for reimbursement of travel expenses that were necessary in order to make other medical expenses available. Because insurance was necessary for him to secure medical treatment for his work-related injury, Claimant, therefore,

contends it follows that insurance premiums constitute a payment for medical services "as and when needed."

However, nowhere does the Act require an employer to reimburse an injured employee for health insurance premiums that a claimant utilizes to pay for work-related medical expenses while the claim is being contested. All that the Act requires is that employer pay for all bills that the WCJ finds causally related to the work injury. Because nothing in the Act authorizes payment for private medical insurance procured to cover all illnesses and injuries no matter what they are, the WCJ properly denied Claimant's request for reimbursement for payment of his insurance premiums.

Accordingly, that portion of the Board's decision denying Claimant reimbursement for insurance premiums paid is affirmed. That portion of the Board's decision denying payment of the medical bills submitted by Claimant from Medical Home Care Service, UHA Morgantown, Bankers' Life and Casualty and Delligatti Shoes, because there was no evidence showing why they were incurred, is reversed.

### ORDER

AND NOW, this 18th day of June, 1998, the order of the Workers' Compensation Appeal Board, dated August 18, 1997, No. A96–0037, is affirmed in part and reversed in part in accordance with this decision.

---

7. Based on our holding, we need not address Claimant's contention that Employer waived its right to object to the submission of its medical bills when it failed to object to them when they were first submitted at the initial hearings prior to remand.

8. This section was renumbered as § 306(f.1) and amended on July 2, 1993, P.L. 190, 77 P.S.

§ 531. After the amendment, subsection (1)(i) provided:

> The employer shall provide payment in accordance with this section for reasonable surgical and medical services, services rendered by physicians or other health care providers, including an additional opinion when invasive surgery may be necessary, medicines and supplies, as and when needed.