Raymond JONES, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (PENNSYLVANIA POWER AND LIGHT), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 16, 1999.

Decided July 26, 1999.

Ronald T. Tomasko, Harrisburg, for petitioner.

Ralph J. Johnston, Jr., and Cheryl A. Sobeski–Reedy, Kingston, for respondent.

Before SMITH, J., KELLEY, J. and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Raymond Jones (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of a workers' compensation judge (WCJ) granting the termination petition of Pennsylvania Power and Light (Employer) and denying Claimant's penalty petition. The grant of the termination petition was based upon two alternative conclusions: first that Claimant fully recovered from a work-related injury as of October 25, 1994, and second, that Claimant voluntarily retired from the workforce on January 1, 1995. Claimant's penalty petition alleged that Employer violated the Workers' Compensation Act (Act)[1] with respect to the late payment or nonpayment of certain medical bills. The Board further affirmed the WCJ's determination that Claimant's present and former counsel are entitled to evenly split, in the event of an award of benefits, monies payable under a fee agreement providing for payment of 20% of any award. We affirm in part, vacate and remand in part, and reverse and remand in part.

On May 30, 1994, Claimant suffered a work-related back injury for which Employer issued a notice of compensation payable for temporary total disability

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

benefits. On August 26, 1994, Claimant and Employer entered into a supplemental agreement providing for the payment of partial disability benefits upon Claimant's return to work in a modified working capacity on June 10, 1994. The parties entered into a second supplemental agreement providing for payment of total disability benefits as of September 2, 1994 when Claimant's total disability recurred. On December 15, 1994, Employer filed a petition to terminate Claimant's benefits, alleging that as of October 25, 1994, Claimant had fully recovered from his work-related injury. Thereafter, Claimant filed a petition for penalties, alleging that Employer violated the Act by failing to tender payment for reasonable and necessary medical expenses related to the work injury.

At a hearing before the WCJ, Employer presented the deposition testimony of Mark Scinico, M.D. in support of its termination petition and the testimony of Patricia Boehmler, a senior account claim representative of Employer's insurer, in opposition to Claimant's penalty petition. Claimant testified; presented the deposition testimony of his treating physician, Terrence Duffy, M.D.; introduced invoices for work-related medical treatment allegedly not paid or paid late by Employer's insurer; and introduced the fee agreement with his counsel.

The WCJ found the evidence submitted by Employer to be, on the whole, more persuasive than that submitted by Claimant. Specifically, the WCJ accepted as credible the medical opinion of Dr. Scinico, who testified that his examination of Claimant on October 25, 1994 revealed that Claimant had fully recovered from his work injury. The WCJ found credible Dr. Scinico's opinion that Claimant's subjective complaints of back pain were not related to the work injury. Both Dr. Scinico and Dr. Duffy testified that Claimant suffers from

a preexisting degenerative osteoarthritis in the lumbar spine. The WCJ rejected as not credible, however, Dr. Duffy's opinion that Claimant continues to suffer from a work-related aggravation of this preexisting condition.

The WCJ further found, based upon Claimant's own testimony, that Claimant voluntarily retired from his employment, as of January 1, 1995, when offered a retirement plan and was not forced to retire because of any disability. Claimant testified that modified work was still available with Employer at the time he retired. The WCJ noted that Claimant did not produce evidence that he sought employment after his retirement. Further, Claimant testified that he could have continued with his job had he not accepted Employer's retirement package.

The WCJ also found credible the testimony of Ms. Boehmler regarding medical bills that Claimant alleged were paid late or not at all. She testified that Employer's insurer received the first bill on June 29, 1994, but without any medical records attached. These were not received until July 20, 1994. They indicated, according to Ms. Boehmler, that the medical bill was, at least in part, for injuries unrelated to the work injury. Employer's insurer received the second bill at issue on February 15, 1995. Employer's insurer denied payment because it appeared that the bill related not to Claimant's work-related injury, but to a preexisting condition. A subsequent review indicated that payment for these bills was proper and necessary. Payment was made by July 1995.[2] The WCJ concluded that Employer's insurer reasonably investigated the medical bills at issue and did not act in an improper manner.

Finally, the WCJ found that Claimant and prior counsel and present counsel entered into a fee agreement providing for counsel fees of 20% of any award.[3] The

2. Employer apparently never paid a third bill at issue.

3. Claimant's former counsel previously employed Claimant's present counsel while the

WCJ equally divided this fee between present and former counsel.

Based upon the foregoing findings of fact, the WCJ concluded that Employer met its burden of proving that Claimant's work-related disability had terminated as of October 25, 1994; that Employer met its burden of proving that Claimant voluntarily retired and did not leave work because he was unable to continue his modified duties on January 1, 1995; and that Claimant failed to prove that Employer's insurer violated the Act by failing to timely pay work-related medical bills. The Board affirmed[4], and this petition for review followed.

This Court's scope of review in workers' compensation cases is limited to determining whether violations of constitutional rights or errors of law were committed, or whether the WCJ's findings of fact are adequately supported by substantial, competent evidence. *Lehigh County Vo-Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). The WCJ is the ultimate finder of fact unless the Board takes additional evidence. *Griswold v. Workmen's Compensation Appeal Board (Thompson Maple Products)*, 658 A.2d 449 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 542 Pa. 651, 666 A.2d 1059 (1995). Thus, the authority of the WCJ over questions of credibility, conflicting medical evidence, and evidentiary weight is beyond question. *Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.)*, 666 A.2d 383 (Pa.Cmwlth.1995). In order for an employer to carry its burden under a termination petition, it must prove either that the employee's disability has ceased or that any current disability arises from a cause unrelated to the employee's work injury. *Dickson v. Workmen's Com-*

*pensation Appeal Board (Unico Construction Co., PMA Group)*, 676 A.2d 1321 (Pa. Cmwlth.1996), *petition for allowance of appeal denied*, 546 Pa. 696, 687 A.2d 380 (1997).

Claimant raises the following issues for our review: (1) whether the WCJ[5] erred by concluding that Employer did not violate the Act in light of "uncontroverted" evidence that Employer either failed to pay or untimely paid work-related medical expenses; (2) whether the Board erred by failing to address the appealed issue of dividing counsel fees between Claimant's present and former counsel; (3) whether the WCJ erred by relying upon the testimony of Dr. Scinico when that witness opined that Claimant did not suffer a work-related injury at all; and (4) whether the WCJ erred by concluding that Employer had proven that Claimant voluntarily removed himself from the workforce.

Claimant's first issue has merit. The evidence at the hearing indicated that on June 29, 1994, Employer's insurer received a bill from Berwick Hospital in the amount of $345 for a bone scan of Claimant's lower back. Ms. Boehmler testified that the bill was received without supporting medical documentation. Employer's insurer therefore requested such documentation, which was received by Employer's insurer on July 20, 1994. Employer's insurer then denied payment, however, on the grounds that the bone scan was not "fully" related to Claimant's work injury. Notes of Testimony (N.T.), March 21, 1996, p. 64. One year later, however, on July 21, 1995, Employer's insurer paid the bone-scan bill without receiving any additional documentation supporting it. *Id.*, p. 65. No explanation is provided in the record as to why

latter represented Claimant in this workers' compensation matter.

**4.** The Board failed to address Claimant's challenge to the WCJ's determination that counsel fees should be equally divided between Claimant's present and former counsel.

**5.** Claimant references the Board in his arguments, rather than the WCJ. Under our scope of review, however, we are to review the decision of the WCJ.

Employer's insurer changed its position on the bill.

The record also shows that on April 15, 1995, Employer's insurer received a bill for $160 from Dr. Duffy for services provided to Claimant. Employer's insurer did not pay this bill until June 2, 1995. Nothing is set forth in the record as to why the bill was not paid until that date. Employer's insurer also received a bill for $60 from Dr. Duffy for services rendered to Claimant on February 15, 1995. Employer's insurer denied payment of this bill because Employer's insurer determined that the services were not related to the work injury, but to a preexisting back condition of Claimant. *Id.*

Section 306(f.1)(5) of the Act, 77 P.S. § 531(5), provides that medical bills are to be paid by an employer or its insurer within thirty days of receipt, unless the reasonableness or necessity of any such bill is disputed. In that case, the employer or its insurer is obligated to request a review of the reasonableness and necessity of the bill pursuant to Section 306(f.1)(6) of the Act, 77 P.S. § 531(6). This Court has consistently taken a strong position against an employer's unilateral cessation of payment of medical bills. *See Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station)*, 144 Pa. Cmwlth. 332, 601 A.2d 491 (1991) (the Act requires an employer to continue payment of medical bills during the pendency of any petition for review; an employer's unjustified, unilateral withholding of benefits triggers the penalty provisions of Section 435 of the Act). Section 435 of the Act, 77 P.S. § 991, provides in pertinent part that penalties may be imposed against an employer and its insurer for violations of the Act. Such penalties shall not exceed 10% of the amount awarded, except that in the case of unreasonable or excessive delay the penalty may be increased to 20%.

6. The fact that Employer paid the bills establishes that Employer did not seriously challenge the causal connection between the bills and the work injury.

In *Gens v. Workmen's Compensation Appeal Board (Rehabilitation Hospital of Mechanicsburg)*, 158 Pa.Cmwlth. 313, 631 A.2d 804 (1993), *petition for allowance of appeal denied*, 538 Pa. 618, 645 A.2d 1321 (1994), we held that the employer bears the burden of showing that medical bills for a back condition are not reasonable or necessary where it has been established that the claimant has suffered a work-related back injury; the burden does not rest with the claimant to prove a connection between the medical bills and the work injury. An employer may therefore challenge medical bills that are related to a condition that a claimant is receiving benefits for, by petition, but not by non-payment or late payment of the bills unilaterally.

Here, Employer's insurer failed to properly challenge the disputed bills under the procedure set forth in Section 306(f.1)(6). Instead, Employer's insurer unilaterally stopped or delayed payment after concluding that the medical procedures performed on or with respect to Claimant's lower back did not relate (or "fully" relate) to Claimant's work injury. In the case of two of the bills, Employer's insurer later determined to pay them, but well beyond the thirty-day period set forth in Section 306(f.1)(5).[6] As to the third bill in dispute, the WCJ made no finding at all.

The WCJ's finding that Employer's insurer did not act in an improper or faulty manner, and his conclusion that Claimant failed to prove that Employer and its insurer violated the Act with respect to the medical bills is thus refuted by the very evidence relied upon by the WCJ. The violations of Section 306 of the Act are clear. Employer presented no evidence as to why it did not properly challenge the bills under this section, and it presented no evidence as to why the bills were eventually paid in an untimely manner.[7] The WCJ

7. The only facts of record that suggest any motivation are those that show that Employ-

therefore erred by concluding that Employer and its insurer did not violate the Act with respect to the nonpayment and late payment of medical bills. Although we recognize that the imposition of penalties is discretionary under Section 435 of the Act, the WCJ's failure to consider penalties was based upon an unsubstantiated finding of fact and an erroneous conclusion of law. We will therefore remand this matter to the Board for consideration of the imposition of penalties for the clear violations of Section 306 of the Act, directing that the Board be mindful of the unwavering body of our case law that disfavors an employer's unilateral cessation of payment of medical bills.[8] This matter must also be remanded for appropriate findings regarding the third bill in dispute.

Claimant next argues that the Board erred by failing to address his argument regarding the division of counsel fees to present and former counsel. Claimant further argues that the WCJ erred by unilaterally imposing this division as to counsel fees. Here, Claimant's present attorney introduced a fee agreement between his present firm and Claimant providing for payment of twenty percent of any award. Correspondence in the file indicates that this attorney previously worked for a different firm while representing Claimant. The record does not include a fee agreement with the prior firm, however, nor any other evidence regarding any claim to counsel fees by this firm.

Section 442 of the Act, 77 P.S. § 998, provides in pertinent part:

All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, *shall* be approved by the workers' compensation judge or board as the case may be, providing the counsel fees do not exceed twenty percentum of the amount awarded.... (Emphasis added.)

We have held that it is beyond the expertise and prerogative of the WCJ and the Board to decide fee disputes between successive attorneys and the claimant and that these disputes are more properly heard in the courts of common pleas. *Larry Pitt & Associates v. Long,* 716 A.2d 695 (Pa.Cmwlth.1998); *Pitt v. Workmen's Compensation Appeal Board (McEachin),* 161 Pa.Cmwlth. 60, 636 A.2d 235 (1993), *petition for allowance of appeal denied,* 538 Pa. 661, 648 A.2d 792 (1994). The WCJ and Board is therefore authorized only to act upon fees submitted to it, and under Section 442, approve such fees if agreed upon by the claimant and his or her attorney so long as they, absent appropriate exception, do not exceed 20% of the amount awarded.

■ In this case, the record does not even indicate that there is any dispute between present counsel and former counsel regarding attorney's fees. At any rate, nothing in the Act or the record provided authorization or grounds for the WCJ to *sua sponte* divide counsel fees between the attorney who is a party to the fee agreement and this attorney's former law firm. The WCJ's finding of fact that Claimant submitted a fee agreement with his pres-

er's insurer refused to pay the bills after Employer filed its termination petition alleging a pre-existing back injury and then paid the bills after Claimant filed his penalty petition.

8. Employer raises the argument that the WCJ determined that Claimant "waived" any argument regarding late payment of medical bills, as opposed to nonpayment of medical bills, as evidenced by the WCJ's Finding of Fact No. 10. This argument is an absolute mischarac-

terization of this finding. At the hearing, Claimant sought to amend his penalty petition to include a claim for the late payment by Employer of wage-loss indemnity payments. N.T., pp. 14–24. Employer objected, and in his decision the WCJ sustained the objection to this amendment. There can be no dispute, however, that Claimant filed for penalties against Employer alleging violations of Section 306 of the Act.

ent *and* former counsel is not supported by any evidence of record; the record contains only the fee agreement with the present counsel. Accordingly, the Board's order is reversed insofar as it affirms the WCJ's division of counsel fees, and this matter is remanded for approval of counsel fees pursuant to Section 442 of the Act.[9]

Claimant next argues that the WCJ erred by relying upon the testimony of Dr. Scinico to find that he had fully recovered from his work injury. Claimant argues that Dr. Scinico's testimony is based on the doctor's belief that Claimant never suffered a work-related disability at all. Dr. Scinico testified on cross-examination that in his opinion Claimant did not suffer the work-related lumbar strain for which he received benefits because Claimant did not experience any symptoms of injury until eight or nine days after the back injury reportedly occurred. Deposition of Dr. Scinico, pp. 38–39. Claimant argues that under our case law, a medical expert cannot base his opinion of full recovery on the fact that no work injury occurred when a work injury had already been established. Claimant contends that Dr. Scinico's testimony supports an impermissible re-litigation of Claimant's initial claim of a work-related disability.

Our review of the record, however, indicates that Dr. Scinico did not base his opinion upon the assumption or belief that Claimant never received a work injury, but upon his physical examination of Claimant that indicated that Claimant was capable of functioning at his pre-injury level as a master mechanic for Employer. This opinion was based upon the fact that there were no neurological findings regarding a back injury, that Claimant had an unrestricted motion of the lumbar spine, and that MRI and x-ray examinations revealed only degenerative changes and a mild spondylolisthesis not related to a work injury.

■ The WCJ found Dr. Scinico's testimony to be credible, and this testimony fully supports the WCJ's finding, not that Claimant did not suffer a work-related injury, but that Claimant had fully recovered from the work-related injury as of the date he was examined by Dr. Scinico. Therefore, the WCJ correctly held that Employer carried its burden under its termination petition.

As our Supreme Court stated:

> [The Employer's burden under a termination petition] is met when an employer's medical expert unequivocally testifies that it is his [or her] expert opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate ... claims of pain or connect them to the work injury.

*Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 550 Pa. 319, 327, 705 A.2d 1290, 1293 (1997). Here, Employer did not attempt to challenge the original causal relationship between the employee's injury and a continuing disability; rather, Employer presented a challenge as to whether Claimant continued to suffer from a disability at all.[10] Claimant's third argument therefore lacks merit.

■ Finally, Claimant argues that the WCJ erred by concluding that Employer

---

9. Employer argues that this issue is moot because the WCJ's decision did not grant Claimant an award. We cannot establish from the record, however, what fees may or may not be due and owing to Claimant's attorney. Moreover, Section 442 provides that the WCJ or the Board shall approve counsel fees "whether or not allowed as part of a judgment."

10. Claimant argues that this issue is controlled by *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983). In *Beissel*, however, the employer attempted to utilize new evidence, generated after the notice of compensation payable had been issued, in order to challenge the original finding of work-related disability. The present case is clearly distinguishable.

had met its burden of proving that Claimant voluntarily removed himself from the workforce. This argument is moot, however, because the WCJ already correctly determined that Claimant's benefits should be terminated because of Claimant's full recovery, prior to his retirement, on October 25, 1994. As Claimant's benefits were terminated as of October 25, 1994, Claimant's subsequent retirement on January 1, 1995 is of no moment. We note parenthetically, however, that voluntary retirement results in a suspension and not a termination of benefits. *Southeastern Pennsylvania Transportation Authority v. Workmen's Compensation Appeal Board (Henderson)*, 543 Pa. 74, 669 A.2d 911 (1995).

Accordingly, the Board's order is affirmed insofar as it affirms the grant of Employer's termination petition. The Board's order is vacated, however, insofar as it denies Claimant's penalty petition, and is reversed insofar as it affirms the division of counsel fees between Claimant's present and former counsel. This matter is remanded to the Board to consider the imposition of penalties against Employer for its violation of the Act, with respect to the late or nonpayment of medical bills, and to approve, based upon evidence of record, the appropriate fee agreement between Claimant and his counsel.[11]

Judge SMITH concurs in the result only as to the counsel fee issue and joins as to all other issues.

## O R D E R

AND NOW, this 26th day of July, 1999, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed in part, vacated in part, and reversed in part. Specifically, the order is affirmed insofar as it affirms the grant of the termination petition of the respondent, Pennsylvania Power and Light. The order is vacated, however, insofar as it denies the petitioner's penalty

petition and is reversed insofar as it divides counsel fees owed by the petitioner to former and present counsel. This matter is remanded to the Board to consider the imposition of appropriate penalties in light of the respondent's violation of the Act and to approve the fee agreement submitted into evidence by the petitioner.

Jurisdiction relinquished.

---

11. Employer requests that we impose counsel fees against Claimant for an alleged frivolous appeal. This request must be denied. Our Supreme Court has unequivocally held that counsel fees may not be imposed pursuant to Pa. R.A.P. 2744 against a claimant in a work-

ers' compensation matter for filing an allegedly frivolous appeal. *Phillips v. Workmen's Compensation Appeal Board (Century Steel)*, 554 Pa. 504, 721 A.2d 1091 (1999). Moreover, Claimant raised meritorious issues before this Court.