IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Advanced Dermatology Associates : 
(Selective Insurance Company of :
America), :
                Petitioners :
 :
            v. : No. 2186 C.D. 2014
 : Submitted: May 22, 2015
Workers' Compensation Appeal :
Board (Bunce), :
              Respondent :

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
            HONORABLE MARY HANNAH LEAVITT, Judge
            HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                      FILED: August 5, 2015

          Advanced Dermatology Associates and Selective Insurance Company of America (collectively, Employer) petition for review of an adjudication of the Workers' Compensation Appeal Board (Board) that affirmed the Workers' Compensation Judge's (WCJ) award of benefits to Michele Bunce (Claimant) for a surgical scar on her neck. In doing so, the Board concluded that Claimant is entitled to this compensation because the scar resulted from surgery that treated a work injury. Employer argues that this was error because Claimant did not present evidence sufficient to establish a causal connection between the surgery and a work injury. We affirm.

          Claimant has worked for Employer as a medical assistant and medical note scribe since May 2005. Her job requires her to stand and type on a laptop

computer located on the counter in the exam room with her head lowered for eight to ten hours a day.  Over time, Claimant began experiencing pain and stiffness in her neck that worsened as her workday progressed.

On October 12, 2011, Claimant was working in a new wing of the building that has lower counters, requiring even more bending of her neck.  After a few hours of work, she reported her neck pain to Employer.  In response, Employer issued a medical only Notice of Temporary Compensation Payable (NTCP) describing the injury as a "neck sprain."  Reproduced Record at 3a (R.R. ___).

On May 19, 2012, Claimant's doctor removed her from work because of her reaction to an epidural injection, which was done to treat her neck pain.  On June 1, 2012, Employer issued a Notice of Compensation Payable (NCP) accepting liability for total disability benefits as of May 19, 2012.  In the NCP, Employer described the work injury as a "Cervical Spine Pinched nerve at C5-C6."  R.R. 4a.

In July 2012, Claimant returned to work part-time for one week.  Claimant and Employer executed a supplemental agreement providing for partial disability benefits from July 23rd through July 29th and resumption of total disability benefits as of July 30, 2012.  The supplemental agreement described Claimant's injury as a "Cervical Spine Bulging Disk."  R.R. 5a.

In October 2012, Employer filed a termination petition alleging that Claimant had fully recovered from her work injury as of September 13, 2012.  Claimant filed an answer denying the allegations.  Claimant also filed a petition to review medical treatment alleging that she had undergone cervical disc surgery

2

necessitated by her work injury and seeking disfigurement benefits for the surgical scar on her neck.[1] Employer filed an answer denying liability.

On January 14, 2013, Claimant returned to work with restrictions but no wage loss. Accordingly, Employer issued a notification suspending Claimant's disability benefits.

The matter was assigned to a WCJ for a hearing. Both parties appeared. Employer presented medical evidence. Claimant testified but did not present any medical evidence.

Claimant described pain in her neck and left arm that had developed from standing and using a computer on a low counter all day. Claimant testified that she did not sustain any neck injuries from any other source such as sports or an automobile accident. Claimant received physical therapy, injections and traction for her work injury. Because that treatment did not resolve her symptoms, Claimant underwent neck surgery on September 27, 2012. Claimant returned to work in January 2013 with a restriction on repetitive bending of the neck. Claimant testified that Employer honored the restriction by providing an adjustable stand for her computer.

The surgery left a scar on the front left portion of Claimant's neck. The WCJ viewed the scar and described it as 1.75 inches long, located in the natural crease of the left side of Claimant's neck, slightly darker than the surrounding skin with two small puckered areas.

---

[1] Claimant also filed a penalty petition alleging that Employer had failed to pay over $36,000 in medical bills related to the surgery. However, Claimant did not submit any unpaid bills into evidence. The WCJ denied the penalty petition and it is not at issue on appeal.

3

Employer submitted the deposition testimony of Scott Naftulin, D.O., who is board certified in physical medicine and rehabilitation with an added certificate in pain medicine. Dr. Naftulin performed an independent medical examination (IME) of Claimant on September 13, 2012, two weeks before her neck surgery. Claimant reported pain in her neck, upper trapezius area and left arm as well as tingling in her left hand. She told Dr. Naftulin that neck surgery had been scheduled. The physical examination revealed tenderness and spasm in the neck muscles, and left-sided cervical radicular pain. Dr. Naftulin reviewed cervical MRIs from January 2012, May 2012 and August 2012; cervical x-rays from January 2012; and a CT scan from September 2012. Dr. Naftulin opined that Claimant had a central disc protrusion at C5-6, disc bulging at C6-7 and degenerative changes. Dr. Naftulin also reviewed the report of Christopher Wagener, M.D., who did the cervical surgery on Claimant.

Employer attached Dr. Wagener's report to Dr. Naftulin's deposition as an evidentiary exhibit. Dr. Wagener reported that he performed a complete discectomy and foraminotomy[2] at C5-6 and C6-7 and a fusion from C5 through C7.

Based on Claimant's history, the physical examination and his review of the medical records and radiographic test results, Dr. Naftulin diagnosed Claimant with left cervical radicular pain, probably at C6-7, as well as mild multilevel cervical disc disease and spondylosis. Dr. Naftulin opined that

---

[2] A foraminotomy is "a decompression surgery that is performed to enlarge the passageway where a spinal nerve root exits the spinal canal." The surgeon "removes bone or tissue that obstructs the passageway and compresses (pinches) the spinal nerve root." http://www.spineuniverse.com/treatments/surgery/foraminotomy-taking-pressure-spinal-nerves (last visited July 10, 2015).

Claimant's work activities would not cause her degenerative condition or her symptoms. Dr. Naftulin opined that Claimant's work injury was solely a cervical sprain from which she had fully recovered as of the date of the IME.

The WCJ accepted Claimant's testimony as credible.[3] The WCJ also credited Dr. Naftulin's testimony that Claimant was fully recovered from her cervical sprain. However, the WCJ found that Dr. Naftulin had addressed only part of the work injury, which was more than a cervical sprain. The WCJ found as follows:

> With the issuance of the June 2012 Notice of Compensation Payable and the Supplemental Agreement, I find [Employer] voluntarily accepted responsibility for a bulging disc in the cervical spine, resulting in a pinched nerve at C5-6.

WCJ Decision, August 9, 2013, at 2; Finding of Fact No. 5. The WCJ thus rejected Dr. Naftulin's opinion that Claimant's bulging disc and radiculopathy were not related to her work activities. That was inconsistent with Employer's NCP and the Supplemental Agreement that these conditions were work-related. Likewise, the WCJ rejected Dr. Naftulin's opinion that the surgery was not related to Claimant's work injury.

Accordingly, the WCJ granted in part the termination petition with respect to the cervical sprain but denied it with respect to the bulging cervical disc and pinched nerve at C5-6. The WCJ found that Claimant's benefits would remain suspended in accordance with the notification of suspension. In light of Employer's acknowledgement of responsibility for a bulging cervical disc and a

---

[3] The WCJ has complete authority over questions of credibility, conflicting medical evidence and evidentiary weight. *Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.)*, 666 A.2d 383, 385 (Pa. Cmwlth. 1995).

pinched nerve at C5-6, the WCJ granted Claimant's review petition, finding that the cervical scar was permanent and unsightly. The WCJ awarded 21 weeks of disfigurement benefits. Finally, the WCJ concluded that Employer's contest was unreasonable and ordered Employer to pay Claimant's attorney's *quantum meruit* fee.

Employer appealed the WCJ's award of disfigurement benefits, and the Board affirmed. Employer then petitioned for this Court's review.[4]

On appeal, Employer presents one issue. Employer argues that disfigurement benefits should have been denied because Claimant failed to establish by expert medical evidence that the surgery performed by Dr. Wagener on September 27, 2012, which created the cervical scar, was causally related to her work injury.[5] We disagree.

It is well-settled that an employer is only liable for payment of benefits (of whatever kind) arising out of work-related injuries. *Green v. Workmen's Compensation Appeal Board (Association for Retarded Citizens)*, 670 A.2d 1216, 1220 (Pa. Cmwlth. 1996). Once liability for a work injury has been established or acknowledged by the employer through an NCP, the claimant need not prove a causal connection between medical treatment for that condition and her work injury because the connection is obvious. *Kurtz v. Workers' Compensation Appeal Board (Waynesburg College)*, 794 A.2d 443, 447 (Pa. Cmwlth. 2002);

---

[4] In reviewing an order of the Board, this Court must determine whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Cytemp Specialty Steel v. Workers' Compensation Appeal Board (Crisman)*, 39 A.3d 1028, 1033 n.6 (Pa. Cmwlth. 2012).

[5] Employer does not challenge the WCJ's determination that the scar is unsightly, permanent, not normally incident to Claimant's employment, and is worth 21 weeks of benefits. Employer challenges only causation.

6

*Gens v. Workmen's Compensation Appeal Board (Rehabilitation Hospital of Mechanicsburg)*, 631 A.2d 804, 806-07 (Pa. Cmwlth. 1993). The claimant need only prove a causal connection through medical evidence if the treatment is for a new symptom or injury that is not obviously connected to the compensable work injury. *Kurtz*, 794 A.2d at 448; *Gens*, 631 A.2d at 806.

The WCJ found that the disabling work injury accepted by Employer included "a bulging disc in the cervical spine, resulting in a pinched nerve at C5-6." WCJ Decision, August 9, 2013, at 2; Finding of Fact No. 5. Employer did not challenge that finding. Dr. Wagener's surgery treated Claimant's nerve compression at C5-6 and left a scar. The causal connection between Dr. Wagener's surgery and Claimant's accepted work injury is obvious, and a medical opinion on causation was not necessary. *See Gens*, 631 A.2d 804 (holding that where the claimant's work injury was an aggravation of a pre-existing back problem and the medical treatment was for the back, a medical opinion of causation was unnecessary because the causal connection was obvious). Employer presented Dr. Naftulin's medical opinion that the surgery was not related to the work injury. However, the WCJ correctly rejected that opinion as incompetent because Dr. Naftulin did not recognize a bulging disc and pinched nerve as part of the work injury.

In short, the Board did not err in concluding that Claimant is entitled to an award of disfigurement benefits for the scar left by her neck surgery. Accordingly, the order of the Board is affirmed.

_____
MARY HANNAH LEAVITT, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Advanced Dermatology Associates : 
(Selective Insurance Company of : 
America), : 
               Petitioners : 
                : 
           v. :   No. 2186 C.D. 2014
                : 
Workers' Compensation Appeal : 
Board (Bunce), : 
               Respondent : 

## **O R D E R**

AND NOW, this 5th day of August, 2015, the order of the Workers' Compensation Appeal Board dated November 4, 2014, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, Judge